Filed 12/4/23  P. v. Valdivia CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARC J. VALDIVIA,<br><br>        Defendant and Appellant. | A166930<br><br>(Lake County<br>Super. Ct. No. CR-964425) |

Defendant Marc Valdivia appeals from an order granting probation after he pleaded no contest to one count of felony vandalism.  The trial court imposed a four-year probation term, to which Valdivia specifically agreed under the plea agreement.  Nonetheless, he now challenges that term, contending that the maximum probation term for his offense is two years under Penal Code[1] section 1203.1, subdivision (a), and the sentence is therefore unauthorized.  We agree with the Attorney General that the appeal must be dismissed because Valdivia failed to obtain a certificate of probable cause.

---

[1] All further statutory references are to the Penal Code.

# I.
## FACTUAL AND PROCEDURAL
### BACKGROUND

The incident giving rise to the charges against Valdivia occurred on August 9, 2022.[2] Briefly, Valdivia broke the windshield of his wife's van and rammed the van with his own vehicle, causing approximately $10,000 in damage. Later that day, Valdivia threatened to stab his 12-year-old son with a knife. He then told his wife "that when he returned, he would hurt them all," apparently also referring to his 14-year-old son.

Valdivia was charged with two counts of criminal threats and one count of vandalism, all felonies, and a misdemeanor count of child endangerment.[3] In December 2022, under a plea agreement, he pleaded no contest to the vandalism count. The remaining charges were dismissed, with a *Harvey* waiver as to the child-endangerment count.[4] Valdivia specifically agreed to be placed on probation for four years.

At the sentencing hearing later that month, the prosecutor raised the issue that even though the parties had agreed to a probation term of four years, the probation report recommended a two-year term. Valdivia's trial counsel responded, "While obviously the defense would prefer two years, we do acknowledge that four was what was agreed upon." The trial court then suspended imposition of the sentence and placed Valdivia on formal

---

[2] The facts in this paragraph are taken from the preliminary hearing transcript, which provided the factual basis for Valdivia's plea.

[3] The charges were brought under sections 422, subdivision (a) (criminal threats), 594, subdivision (a) (vandalism), and 273a, subdivision (b) (child endangerment).

[4] A *Harvey* waiver permits a trial court to consider facts underlying a dismissed count in imposing a sentence under a plea bargain. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 166–167, citing *People v. Harvey* (1979) 25 Cal.3d 754.)

probation for four years.  Probation was conditioned on Valdivia's serving 265 days in jail, a term he had already served with conduct credits.

Valdivia filed a notice of appeal in which he checked boxes indicating that the appeal challenged the validity of his plea and was based on ineffective assistance of counsel.  Accordingly, he requested a certificate of probable cause, which the trial court denied.

## II.
## DISCUSSION

Valdivia contends that the four-year probation term is unauthorized because the maximum probation term for felony vandalism is two years.  We do not decide the merits of this claim because we agree with the Attorney General that the appeal must be dismissed.

Generally, a defendant cannot appeal after entering a no-contest plea unless "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  (§ 1237.5, subd. (b).)  If the trial court "denies a certificate of probable cause, the appeal will be limited to issues that do not require a certificate of probable cause."  (Cal. Rules of Court, rule 8.304(b)(3).)  As relevant here, a certificate of probable cause is not required if the appeal is based on "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission."  (*Id.*, rule 8.304(b)(2)(B).)

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal:  "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' "  (*People v. Buttram*

3

(2003) 30 Cal.4th 773, 781–782.) Where, as here, a defendant agrees to a specific term—as opposed to agreeing to a maximum sentence that the trial court will not exceed when exercising its sentencing discretion—a challenge to the sentence as part of a plea agreement "attacks an integral part of the plea, [and] is, in substance, a challenge to the validity of the plea" requiring a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 73; *Buttram*, at pp. 782–785.)

Valdivia does not contest that the four-year probation term was "an integral part" of the plea agreement under *Panizzon*, *supra*, 13 Cal.4th at p. 73. Instead, he claims that "an illegal sentence requires no certificate of probable cause." He provides no authority for this position, which we conclude is incorrect.

" ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Cuevas* (2008) 44 Cal.4th 374, 383.) This requirement is not affected by a defendant's claim that the negotiated term is unauthorized by law. Rather, because a " '[d]efendant's attack on the legality of [the] maximum sentence is an effort to unilaterally improve, and thus alter, the terms of that which was agreed,' " such a claim requires a certificate of probable cause. (*Ibid.*; *People v. Shelton* (2006) 37 Cal.4th 759, 769.)

Indeed, even if we were to conclude that no certificate of probable cause was required, Valdivia would be estopped from challenging the legality of the four-year term. "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty [or no contest] in

4

return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

Finally, it is hardly clear that Valdivia would end up being better off even if we considered the appeal on the merits and agreed with him that the four-year term is illegal, since we would not simply modify that term downward as he requests. This case does not involve an intervening change in the law that rendered the sentence unauthorized. Assembly Bill No. 1950 (2019–2020 Reg. Sess.), which amended section 1203.1 to limit the maximum probation term for most felony offenses to two years, took effect nearly two years before Valdivia was sentenced. (*People v. Rodriguez* (2022) 79 Cal.App.5th 637, 640.) Instead, if Valdivia's four-year probation term is unauthorized, the plea agreement was illegal at the time it was entered, and the appropriate remedy would be a remand for the People to either accept a reduced probation term or withdraw from the plea agreement. (See *People v. Prudholme* (2023) 14 Cal.5th 961, 974.) Valdivia's strong objection to such a remand is understandable given the favorable terms of the plea agreement, which allowed him to avoid further confinement even though he was charged with three felonies.

In short, Valdivia's claim that the four-year probation term is unauthorized is a clear challenge to the validity of the plea and requires a certificate of probable cause. Because Valdivia failed to obtain a certificate, his appeal cannot proceed.

# III.
## DISPOSITION

The appeal is dismissed.

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Getty, J.*




*Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Valdivia*  A166930

7